IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SANDRA E. BUDEWITZ,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　OPINION and ORDER

DAUBERT LAW FIRM, S.C., and MICHAEL　　　　　　19-cv-593-jdp
STUELAND,

      Defendants.

---

  Plaintiff Sandra E. Budewitz alleges that defendants, Daubert Law Firm and attorney Michael Stueland, attempted to garnish her wages after she disputed the validity of the underlying debt, in violation of the Fair Debt Collection Practices Act (FDCPA). Defendants move for summary judgment. Dkt. 22.

  The core issue is the date that Daubert received Budewitz's letter disputing the debt. Daubert adduces a date-stamped copy of the letter, showing that it received the letter on May 1, after it initiated the garnishment. Budewitz relies exclusively on the date of the letter, April 15. But Budewitz did not mail the letter herself, and she has no admissible evidence to establish the date of mailing. Budewitz asks the court to impose sanctions against Daubert under Rule 37(e), contending that Daubert lost video recordings and email that might have shown the date of receipt. Dkt. 39.

  As explained more fully below, Budewitz is not entitled to relief under Rule 37(e), and she cannot raise a genuine dispute as to the date of receipt, which means that she cannot show that Daubert violated her rights under the FDCPA. Defendants are entitled to summary judgment.

BACKGROUND

The following facts are undisputed except where noted.

At some point, Budewitz left a credit card debt unpaid. LVNV Funding LLC (not a party to this case) acquired the debt and obtained a state-court judgment against Budewitz. LVNV retained Daubert Law Firm to enforce the judgment. Daubert attorney Michael Stueland worked on the case. The court will refer to the defendants collectively as "Daubert," unless it is necessary to identify them separately.

On March 22, 2019, Daubert sent Budewitz a collection notice. Dkt. 31, Ex. 5. The notice said that Budewitz was entitled to dispute the debt in writing within 30 days. *Id.* If she disputed the debt, Daubert would obtain verification of the debt or a copy of the judgment and mail that documentation to her, along with information about the creditor of the debt. *Id.* The notice provided no further information related to the verification process. *Id.*

On April 30, Daubert filed an earnings garnishment action with Budewitz's employer. Dkt. 32, Ex. 1.

In a letter dated April 15, Budewitz wrote to Daubert disputing the debt's validity. Dkt. 31, Ex. 6. Daubert asserts that it received the letter on May 1; Budewitz says that it was mailed on April 15 and would have arrived shortly after that.

On May 2, Daubert responded to Budewitz's dispute letter by mailing her a notice of verification and a copy of the debt judgment. Dkt. 31, Ex. 7. The notice stated that Daubert had not undertaken any collection activities between May 1, the day it received her dispute, and May 2, the day it responded. *Id.*

The garnishment remains pending and so far no money has been withheld from Budewitz's wages. Daubert Law Firm closed in July, 2019.

Additional facts will be introduced where pertinent to the analysis.

ANALYSIS

Budewitz raises two claims under the FDCPA.[1] Her primary claim rests on 15 U.S.C. § 1692g, which allows a consumer to dispute a debt within 30 days of receiving a debt collector's initial communication about a debt. 15 U.S.C. § 1692g. If a consumer timely disputes a debt, the debt collector must cease all debt collection activities until it obtains a judgement or other verification of the debt and sends a copy to the consumer. *Id.* Budewitz argues that she disputed her debt on April 15 and that Daubert violated § 1692g by filing a wage garnishment action on April 30 before sending her a verification.[2]

Budewitz also brings an alternative claim based on 15 U.S.C. § 1692e and § 1692f. Section 1692e prohibits "false, deceptive, or misleading representation or means," and § 1692f prohibits "unfair or unconscionable means," in connection with the collection of a debt. 15 U.S.C. §§ 1692e-1692f. Budewitz contends that Daubert violated these sections by misrepresenting in its collection notice that it would halt collection activities if she disputed the debt, when it had no intention of doing so.

---

[1] Budewitz's suit initially included a "meaningful-involvement" claim under 15 U.S.C. § 1692e. The court granted her motion to amend her complaint to withdraw that claim. *See* Dkt. 45.

[2] The court questions whether § 1692g applies. In a footnote in her opposition brief, Budewitz acknowledges that the section only applies to a debt collector's "initial communication" about a debt. Dkt. 35. And "technically, [the March 2019 collection notice] was not the first time Daubert had contacted Budewitz" because it had attempted to enforce the judgment in 2013 and 2017. *Id.* Daubert did not raise the issue. The court will resolve the case on other grounds, so it isn't necessary to resolve the issue.

Daubert moves for summary judgment, asserting that Budewitz lacks standing and that her claims fail on the merits. Budewitz seeks relief under Rule 37(e) for spoliation of evidence. The court addresses each motion in turn.

**A. Daubert's motion for summary judgment**

Daubert moves for summary judgment on three grounds: (1) Budewitz does not have standing to sue under Article III; (2) Daubert received the dispute letter on May 1, 2019 and did not prematurely file the wage garnishment; and (3) even if Budewitz's letter arrived prior to the wage garnishment, Daubert's mail intake procedures show that the mistake was unintentional, so it is entitled to the "bona fide error" defense under 15 U.S.C. § 1692k.

The court must grant summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Id.* The non-moving party may not simply rely on the allegations in its pleadings to create a genuine dispute but must "demonstrate that the record, taken as a whole, could permit a rational finder of fact to rule in [its] favor[.]" *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).

**1. Budewitz's Standing**

To establish standing to sue under Article III, a plaintiff must show that she suffered an injury in fact that is both fairly traceable to the challenged conduct of the defendant and likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). An injury in fact is "an invasion of a legally protected interest" that is "concrete

4

and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotation marks omitted). A plaintiff must prove standing with specific facts at the summary judgment stage. *Id.* at 561.

A violation of a statutory right does not generally satisfy the injury-in-fact requirement of Article III, unless it causes some actual, concrete harm. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Budewitz must not only allege a bare procedural violation, but she must show that the statutory violation harmed, or presented an appreciable risk of harm, to the underlying concrete interest that Congress sought to protect by enacting the statute. *Groshek v. Time Warner Cable, Inc.*, 865 F.3d 884, 887 (7th Cir. 2017) (quotations omitted).

### a. Section 1692g

Budewitz alleges that Daubert's FDCPA violation injured her by interfering with her statutory right to halt Daubert's collection activities and by denying her the opportunity to respond to the verification before facing wage garnishment. Dkt. 35.

Budewitz's injury is sufficient to establish standing under *Lavallee v. Med-1 Sols., LLC*, 932 F.3d 1049, 1052-54 (7th Cir. 2019). There, the Seventh Circuit determined that a consumer had standing when a debt collector's notice failed to include any FDCPA-required disclosures about the debt collection process. *Id.* at 1052. The debt collector's violation harmed the consumer, the court concluded, because she had no information about her right to contest or verify her debt. *Id.* at 1053. Had she known about her rights, she could have exercised them; instead, she lost the opportunity to require the debt collector to pause collection activities or halt litigation. *Id.*

Budewitz testified in her deposition that she sent the dispute letter to Daubert because she did not think her wages should be garnished and she questioned the amount she owed.

5

Dkt. 37, Ex. 1 (Budewitz Dep. 50:13-19; 59:6-15). She also testified that she knew that disputing the debt would require Daubert to pause collection activities. *Id.* (Budewitz Dep. 68:14-19). She explained that if Daubert had verified her debt before initiating the garnishment action, she likely would have been able to negotiate or make payments on the judgment to avoid garnishment. *Id.* (Budewitz Dep. 69:25-70:13). Budewitz's injury is highly comparable to the injury in *Lavallee*.

Daubert contends that Budewitz suffered no more than a procedural violation. Dkt. 52. Daubert relies primarily on *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 332 (7th Cir. 2019), in which the Seventh Circuit held that a consumer lacked standing when a debt collector's notice failed to state that a verification request must be in writing, a required disclosure under the FDCPA. The court concluded that an incomplete debt collection notice alone is a mere procedural violation; the consumer had not alleged that the missing disclosure affected her in any way or that she would have tried to exercise her rights had the debt collector provided the required information. *Id.* at 332–33.

*Lavallee* makes clear that injuries of the type suffered by Budewitz are sufficient to establish standing. The violation in *Casillas* caused no underlying harm, but the violation in *Lavallee* cost the consumer the ability to assert her statutory right to halt debt collection. *Lavallee*, 932 F.3d at 1053. The court concludes that Budewitz has standing to bring her § 1692g validation claim.

  b. **Sections 1692e and 1692f**

Budewitz doesn't separately explain how she has standing to bring claims for Daubert's alleged violations of § 1692e and § 1692f. But Daubert did not specifically attack her standing to bring those claims, so she was not directly called upon to do so. Generally, the court must

6

consider standing before turning to the merits. But in this case, because standing under § 1692g is established, and standing § 1692e and § 1692f has not been challenged, the court will assume that Budewitz has standing and resolve the claims on the merits.

2. **Merits of Budewitz's FDCPA claims**

As explained above, § 1692g of the FDCPA requires a debt collector to cease collection activities between the time a consumer disputes a debt and receives validation of that debt. 15 U.S.C. § 1962g. Sections 1692e and 1692f prohibit the use of unfair practices and misrepresentation to collect a debt.

The decisive question in this case is whether Daubert received Budewitz's dispute letter before the April 30 garnishment action. To overcome summary judgment, Budewitz must raise a genuine dispute as to the date the letter arrived.

Daubert provides a copy of Budewitz's letter with a May 1 "received" date stamp as evidence of when Daubert got the dispute. Dkt. 31, Ex. 6. A clerical assistant employed at Daubert during the time in question testified in a deposition that Daubert employees were required to date stamp mail on the day it was physically opened. Dkt. 33, Ex. 3 (Toppen Dep. 6:23-9:6). Budewitz does not challenge the admissibility of the letter.

Budewitz relies exclusively on the letter's April 15 date as support that Daubert received the letter before May 1. She argues that the letter would have arrived at Daubert within several days of April 15, and it could not have taken 17 days to arrive in the mail. The fatal flaw in her argument is that she does not have personal knowledge when the letter was sent. Budewitz wrote the letter, but she did not put it in the mail herself—her employer did. Dkt. 33, Ex. 1 (Budewitz Dep. 51:4-10). She does not claim to know when her employer sent the letter, and she did not obtain evidence from her employer about when the letter was mailed. She conceded

in her deposition that she has no evidence to dispute the May 1 date. *Id.* (Budewitz Dep. 54:16-24).

Budewitz contends that a jury could infer that her dispute letter was sent on April 15, based solely on the date written on the letter. But to draw this inference, the jury would have to speculate as to the date of mailing, and a party cannot rely on mere speculation to raise a genuine dispute of fact. *See Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 337 (7th Cir.1991) (holding that speculations are an insufficient defense to summary judgment). The date of the letter alone is insufficient to put the May 1 receipt date in genuine dispute. Daubert is entitled to summary judgment on Budewitz's debt validation claim under § 1692g.

Budewitz's misrepresentation and unfair practices claims are also doomed. Budewitz cannot establish that Daubert initiated the garnishment after it received the dispute letter. So Budewitz cannot establish that Daubert *falsely* stated that it would cease collection activities if it received a dispute letter. There is a second flaw in Budewitz's § 1692e and 1692f claims. Budewitz contends that Daubert's March 22 collection notice misrepresented Daubert's intention to comply with § 1692g, but Daubert's collection notice does not say that it would halt collection activities. Dkt. 31, Ex. 5.

Because the court will grant summary judgment to Daubert on all the FDCPA claims, the court need not address whether Daubert's alleged violations were intentional for purposes of the bona fide error defense under 15 U.S.C. § 1692k.

## B. Budewitz's request for relief under Rule 37(e)

Apparently recognizing the evidentiary weakness of her FDCPA claims, Budewitz asks for relief under Rule 37(e) of the Federal Rules of Civil Procedure. Dkt. 35. Rule 37(e) provides a remedy for the loss of electronically stored information.

Budewitz alleges that Daubert lost two sources of electronic evidence that could have been used to prove the date Daubert received her letter: (1) daily video recordings of Daubert's reception and front desk area that showed receptionists opening mail; and (2) emails that receptionists sent to law firm employees who received mail on any given day, notifying them that mail was available for pickup. Dkt. 35. According to Daubert, that evidence is now unavailable; the videos were stored on an in-house server for 90 days before automatically being deleted, and the emails were not retained past January 2020 because Daubert closed in July 2019. *See* Dkt 50. As a remedy, Budewitz asks the court to conclude at summary judgment that a reasonable jury could find that her validation letter was received prior to April 30, 2019, based on the lost evidence.

Rule 37(e) permits the court to grant relief if a party fails to preserve electronically stored evidence that should have been kept in anticipation of litigation. The rule states:

> (e) If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
>> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>>
>> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>>
>>> (A) presume that the lost information was unfavorable to the party;
>>>
>>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>>
>>> (C) dismiss the action or enter a default judgment.

9

Fed. R. Civ. P. 37(e). If the court finds that the loss of evidence prejudices the moving party, the court may order relief only to cure that prejudice. But a court may presume that lost evidence is unfavorable to the responsible party only if it finds that that party intended to deprive the moving party of the evidence for use in litigation. *Id.*

Budewitz does not qualify for any Rule 37 relief because she cannot make the threshold showing that the video recordings and emails "should have been preserved in the anticipation or conduct of litigation." *Id.*; *see also Freidig v. Target Corp.*, 329 F.R.D. 199, 207 (W.D. Wis. 2018). When a party is aware that an event is likely to cause litigation, it has a duty to maintain relevant information. *Freidig*, 329 F.R.D. at 207; *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). The standard is objective and viewed from the perspective of the party in control of the evidence. *Id.*

Budewitz fails to show that Daubert was under a duty to preserve the video and emails for use in anticipated litigation. Budewitz contends that Daubert should have anticipated the dispute because Daubert says received her dispute letter on May 1 but it was dated April 15, and Daubert had filed the garnishment on April 30. But the date discrepancy is not sufficient to alert Daubert that Budewitz might file this lawsuit. From Daubert's perspective, Budewitz's dispute arrived on May 1, more than 30 days after the notice and after the garnishment, and Daubert had not committed any FDCPA violation by filing the garnishment the day before. Budewitz did not communicate to Daubert about any dispute that would implicate the date of the letter until this suit was served on October 22, 2019.

In her reply brief, Budewitz says that she filed a motion in state court to stay Daubert's garnishment action on May 31, 2019. And, in the process, her lawyer notified Daubert that she intended to file a federal lawsuit against LVNV and Daubert. Dkt. 56. The state-court

filing, her argument goes, put Daubert on notice that it should have anticipated litigation. Budewitz has waived this argument because she raises it for the first time on reply. *Wonsey v. City of Chicago*, 940 F.3d 394, 398 (7th Cir. 2019). But even if not waived, the argument fails. The state-court filing informed Daubert generally that federal litigation might ensue, but it did nothing to inform Daubert that the litigation might involve the date it received Budewitz's dispute letter. Although the state-court filing, Dkt. 56-1, refers to an attached copy of the complaint, no copy of the complaint was provided to this court. Budewitz has not shown that the state-court filing put Daubert on notice that it should anticipate litigation to which the mail-opening video recordings or any mail-receipt email would be relevant.

Budewitz also fails to show that she was prejudiced by the loss of the video recordings and emails. Stueland's declaration says that he had viewed the firms mail-opening videos from time to time, and those videos did not capture words on individual pieces of mail. Dkt 50, ¶ 5. Stueland also stated that the emails said only that mail was ready for pickup and did not include any information about who had sent the mail. *Id.,* ¶ 7. Based on Stueland's declaration, which Budewitz adduces no evidence to contradict, the lost evidence could not establish the date on which Budewitz's letter was received by Daubert. Budewitz argues that the video and email evidence might nevertheless be relevant if no mail was received on May 1. Dkt. 55, at 2. But this is mere speculation, raised again for the first time in reply.

Finally, the remedy that Budewitz asks for is a presumption that the lost evidence is favorable to her. Budewitz makes a convoluted argument that she's not asking for an adverse inference, because she's just asking the court to assume that Daubert received no mail at all on May 1. But that, too, would be an adverse inference, to which Budewitz would be entitled only

if she shows that Daubert intended to deprive her of the use of the evidence in this case. She comes nowhere close to making that showing.

Budewitz is not entitled to relief under Rule 37(e).

ORDER

IT IS ORDERED that:

1. Plaintiff Sandra E. Budewitz's motion for relief under Rule 37(e), Dkt 35, is DENIED.

2. Defendant Daubert Law Firm's motion for summary judgment, Dkt. 22, is GRANTED.

3. The clerk of court is directed to enter judgment in favor of Daubert in this case.

Entered September 28, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

12